# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONOVAN J. DARVILLE (#570113)**                                **CIVIL ACTION**

**VERSUS**

                                                                 **22-57-BAJ-RLB**

**PAUL HALL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 27, 2022.

 

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONOVAN J. DARVILLE (#570113)                    CIVIL ACTION

VERSUS

                                                    22-57-BAJ-RLB

PAUL HALL, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants[1], complaining that his constitutional rights have been violated due to denial of access to the courts and unconstitutional conditions of confinement. The plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the

---

[1] Named as defendants are Bobby Webre, Warden Paul Hall, Lt. Moses, Sgt. Hall, Sgt. Byrd, Sgt. Alvarez, Lt. Monague, Sgt. J. Keller, Sgt. Breags, and Director DOC.

violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that the jail does not have a law library, inmate counsel, or legal services. The materials that are available are outdated and incomplete. He receives copies of his legal mail instead of the originals. Parish prisoners, DOC and federal inmates, and pre-trial detainees are all housed together in the same dorm. The jail does not provide razors or sanitary napkins. Razors can be purchased in the commissary, but sanitary napkins are not available.

First, as to any claims the plaintiff may be asserting against the defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between

official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery.

With regards to the plaintiff claims regarding the lack of legal services, inmate counsel, a law library, useable legal materials, and originals of his legal mail not being provided to him, to succeed on a claim denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding

that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.' " *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher*, 536 U.S. at 413-14). "To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); *see Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

With respect to the inability to access a library or a claim that a library was deficient, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.* "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* The "inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim." *Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017).

Here, Plaintiff states only that he was unable to file motions and other legal paperwork before the deadlines. He does not sufficiently identify a non-frivolous, arguable claim that he could not raise, that he raised and lost, or for which he could not obtain a remedy. *See Sanchez*, 689 F. App'x at 799 ("His assertions that he has been hindered in presenting claims challenging his criminal conviction and prison disciplinary cases are conclusory. He fails to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and does not explain with specificity how the absence of legal materials and assistance in Spanish actually hindered those claims.").

Moreover, while Plaintiff alleges that the law library is inadequate and that he lacks access to the law library, and inmate counsel, he does not allege that his "case" was harmed *because* of these hindrances. Plaintiff does not allege, for instance, how access to the law library

would have aided him, "how he would have proceeded with access to a law library," what specific cases or law he would have cited if he had access to the law library, "or how [his] claims would have been meritorious." *See Hopkins v. Ogg*, 2019 WL 3761360, at *3 (5th Cir. Aug. 8, 2019). Likewise, he does not explain how the absence of inmate counsel hindered his claims. *See Sanchez*, 689 F. App'x at 799.

With regards to the plaintiff's claim that he is provided with a copy of his legal mail rather than the originals, the plaintiff fails to state a claim. Assuming officials did copy and withhold his original legal mail, he does not articulate any cognizable harm or threat of harm from receiving only copies. *See, e.g.*, *Sandoval v. Fox*, 135 F. App'x 691, 691 (5th Cir. 2005) (affirming dismissal of a plaintiff's claim that guards improperly distributed prison mail because the plaintiff was not deprived of his mail and did not otherwise suffer any actual harm).

To the extent Plaintiff claims that officials opened his legal mail in his absence, he fails to state a plausible claim on which relief can be granted because "prison officials may open incoming legal mail to inspect it for contraband." *Jones v. Mail Room Staff*, 74 F. App'x 418, 419 (5th Cir. 2003) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993)). Similarly, "prisoners do not have a constitutional right to be present when privileged, legal mail is opened and inspected." *Collins v. Foster*, 603 F. App'x 273, 275 (5th Cir. 2015) (citing *Brewer*, 3 F.3d at 825). As such, the plaintiff fails to state a claim for denial of access to the courts.

Turning to the plaintiff's claims regarding the lack of free razors and the unavailability of sanitary napkins, while the Constitution does not mandate comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that

prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the inmates." *Farmer,* 511 U.S. at 832(quoting, *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)).

In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the plaintiff must satisfy both a subjective and objective component. First, the objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)(emphasis added). A sufficiently serious deprivation is one which denies the inmate "the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Only such deprivations are sufficiently grave to constitute cruel and unusual punishment. *Id.*

Second, the subjective requirement necessitates that the prison official must have acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834 (citations omitted). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana,* 122 F.2d 286, 292 (5th Cir.1997); *Farmer,* 511 U.S. at 838-840. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 511 U.S. at 835 (citing, *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).

As previously stated, a conditions of confinement claim must satisfy tests for both objective and subjective components. However, the subjective component need not be examined

if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998). The conditions of confinement complained of simply do not demonstrate an extreme deprivation of life's necessities. *See Kelly v. Detention Center, Franklin Parish,* 2007 WL 4680491 (W.D. La. 11/1/07) (lack of free razors does not demonstrate an extreme deprivation of life's necessities.) Additionally, while the failure to provide sanitary napkins to menstruating persons may constitute a denial of sanitary living conditions, the plaintiff in the instant matter does not allege that they are female or have a uterus which would subject them to menstruation.

Turning to the plaintiff's claim that parish prisoners, DOC and federal inmates, and pre-trial detainees are all housed together in the same dorm, the Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official violates the Eighth Amendment only if he acts with deliberate indifference to a substantial risk of harm to the prisoner. *Perkins*, 161 F.3d at 1130. To show deliberate indifference, the prisoner must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind. *Id.* Plaintiff does not allege any risk of harm resulting from different classifications of inmates and detainees being housed in the same dorm. Additionally, the classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances. *Young v. Wainwright*, 449 F.2d

338, 339 (5th Cir. 1971). As such, the plaintiff has failed to state a claim for unconstitutional conditions of confinement.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on April 27, 2022.

                                            RICHARD L. BOURGEOIS, JR.
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."